IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 0:08-401 (CMC) |
| v. | |
| | **OPINION AND ORDER** |
| Demego Antwane Robinson, | |
| Defendant. | |

This case comes before the court on Defendant's Motions for Relief under the First Step Act of 2018. ECF Nos. 393, 399.[1] The United States Probation Office has filed a Sentence Reduction Report ("SRR"), indicating Defendant is eligible for relief as his statutory penalty changed, but the retroactive application of the Fair Sentencing Act had no impact on the guideline range. ECF No. 394. Defendant's statutory sentencing range has changed from 20 years to Life to 10 years to Life, and his supervised release exposure is eight years instead of 10 years. Defendant's advisory guideline range is 188-235 months. The Government agrees Defendant is eligible for relief on his term of supervised release, but requests the court deny a reduction in sentence because his guideline range did not change due to his career offender status. ECF No. 404.

The court will consider the new statutory range, the advisory guideline range, factors in 18 U.S.C. § 3553(a), and any evidence of post-sentencing behavior and mitigation in deciding

---

[1] Defendant initially filed a *pro se* motion for relief, and thereafter the Federal Public Defender filed a supplemental motion.

whether to impose a reduced sentence of incarceration. Therefore, the parties shall file, on or before November 20, 2019, any further submissions relevant to these matters.

**Background**

Defendant was charged in a Superseding Indictment with the following counts: 1) conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine; and 3 counts of possession with intent to distribute and distribution of 5 grams or more of cocaine base (Counts 7, 11, and 12). ECF No. 45. The Government filed an Information under 21 U.S.C. § 851 noting Defendant had four prior felony drug convictions, subjecting him to a mandatory Life Sentence. ECF No. 25. On September 8, 2008, he entered a guilty plea pursuant to a Plea Agreement to Count 1, conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. ECF No. 90. The Plea Agreement included a stipulation by Defendant that he had three prior felony drug convictions which were noticed pursuant to § 851 and which subjected him to a term of Life imprisonment. ECF No. 90 at ¶ 12. The parties agreed that if Defendant provided substantial assistance to the Government, two enhancements would be withdrawn "therefore subjecting him to a mandatory minimum term of imprisonment of 20 years on Count 1." *Id.*

Sentencing took place on February 12, 2009. ECF No. 134. Defendant was sentenced to 262 months imprisonment and 10 years' supervised release. ECF No. 135. An Amended Judgment was issued on January 9, 2012, reducing Defendant's sentence to 188 months pursuant to Rule 35(b). ECF Nos. 235, 236. He has been in custody since May 1, 2008.

**Parties' Arguments**

In his motion, Defendant argues he is eligible for a reduction in sentence because his statutory penalty on Count 1 is reduced from 20 years to Life imprisonment to 10 years to Life, and his term of supervised release has been reduced from 10 years to eight. ECF No. 399. Defendant requests his sentence be reduced to time served, and has attached documentation regarding his programming while incarcerated. *Id.*

The Government argues Defendant does not qualify for a reduced sentence of imprisonment but does qualify for a reduced term of supervised release. ECF No. 404. It notes the maximum statutory penalty faced by Defendant has not changed, as he still faces up to Life imprisonment. *Id.* at 1. The Government also submits Defendant remains a career offender with the same guideline range regardless of the statutory changes in cocaine base sentencing. *Id.* at 2.

**Analysis**

It is the statute of conviction, not actual conduct, that determines eligibility for relief under the First Step Act. *United States v. Powell*, 5:02-cr-206, 2019 WL 1198005, at *3 (N.D.N.Y. Mar. 14, 2019); *United States v. Davis*, No. 07-cr-245S (1), 2019 WL 1054554, at *2-3 (W.D.N.Y. Mar. 6, 2019); *United States v. Glore*, No. 99-cr-82-pp, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019). To be eligible, a defendant must have been convicted of a "covered offense" committed before August 3, 2010. Whether an offense is a "covered offense" is determined by examining the statute the defendant violated. *See* First Step Act, § 404(a), Pub. L. No. 115-391, 132 Stat. 5194. If that statute is one for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act, it is a "covered offense."

3

The Fair Sentencing Act increased the quantity of cocaine base to apply a mandatory minimum 10-year sentence to 280 grams or more. 21 U.S.C. § 841(b)(1)(A). Consequently, as Defendant pled guilty to 50 grams of cocaine base, an amount that corresponded to a penalty under § 841(b)(1)(A) at sentencing, but now falls into §841(b)(1)(B), the conviction meets the "covered offense" requirement of the First Step Act. Although Defendant pled guilty to a count involving both cocaine base and cocaine, the threshold quantities of 50 grams of cocaine base and 500 grams of cocaine result in a reduction in the mandatory minimum sentence for the cocaine base amount under the First Step Act, such that penalties for both substances now fall into the §841(b)(1)(B) penalty.

The court finds that Defendant was convicted of a "covered offense" that he committed before August 3, 2010. Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. Had the Fair Sentencing Act been in effect at the time of Defendant's sentencing, his statutory range for conspiracy involving 50 grams or more of cocaine base would have been 10 years to Life under 21 U.S.C. §§ 841(b)(1)(B) and 851. Defendant would have been subject to eight years supervised release.

Defendant faces a statutory range of 10 years to Life and a supervised release term of eight years. His current advisory guideline range is 188-235 months. His current sentence is 188 months. Prior to determining whether to impose a reduced sentence, the court will consider the new statutory range, the advisory guideline range, the 18 U.S.C. § 3553(a) factors, and any evidence of post-sentencing behavior and/or mitigation. Therefore, the parties shall file, on or before November 20, 2019, any further submissions relevant to these matters.

**IT IS SO ORDERED.**

                                                                                <u>s/Cameron McGowan Currie</u>
                                                                                CAMERON MCGOWAN CURRIE
                                                                                Senior United States District Judge

Columbia, South Carolina
November 6, 2019